James E. Goodley
GOODLEY MCCARTHY LLC
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 394-0541
james@gmlaborlaw.com

*Additional Counsel Listed on Signature page*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIAN HAGINS, individually and on behalf of all those similarly situated | Case No. |
| Plaintiff, | **ORIGINAL CLASS ACTION COMPLAINT** |
| v. | |
| PARAMOUNT GLOBAL and CBS INTERACTIVE INC., | |
| Defendants. | |

## INTRODUCTION

On or about September 24, 2024, Defendants Paramount Global ("Paramount") CBS Interactive Inc. ("CBS Interactive") (collectively "Defendants") terminated the employment of Julian Hagins ("Plaintiff" or "Hagins") more than 300 other employees who worked at and/or reported to their headquarters at 1515 Broadway in Manhattan ("Headquarters"), as well as other operating locations in close geographic proximity to Headquarters. Defendants provided written notification of the termination, which was effective on or about September 30, 2024, i.e., far less than the 90 days' advanced notice required under New York WARN, N.Y. Lab. Law §§ 860 *et seq*. ("NY WARN"). As a result, Plaintiff seeks the relief sought herein on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's NY WARN claims, N.Y. Lab. Law §§ 860 *et seq.*, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), as Plaintiff is of diverse citizenship from Defendants, more than 100 putative class members are affected by Defendants' alleged violations, and more than $5,000,000 is in controversy.

2. Plaintiff brings this claim for violation of NY WARN on behalf of himself and on behalf of all other similarly situated former employees, pursuant to NYLL § 860-g, and Fed. R. Civ P. 23.

3. Venue is proper pursuant 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events or omissions giving rise to the claim occurred here.

## PARTIES

4. Plaintiff is an adult male who resides in Orange, California. Plaintiff worked for Defendants on a full-time basis from approximately March 2022 through September 2024.

5. Defendant Paramount Global is a Delaware for-profit corporation headquartered in New York City, NY.

6. Defendant CBS Interactive Inc. is a Delaware for-profit corporation headquartered in New York City, NY.

7. Defendants' unified corporate headquarters are located at 1515 Broadway, New York, New York, 10036 ("Headquarters").

## CLASS ACTION ALLEGATIONS

8. Plaintiff worked remotely from his home in Orange California and reported virtually to work at Headquarters in Manhattan.

9. At all relevant times, Plaintiff's direct supervisors (including Jeremy Westphal,

Andy Sarnow and Steve Raizes) worked in-person at Headquarters and provided work assignments, general employment supervision and personnel evaluations to Plaintiff. Other management personnel located at Headquarters provided work assignments, employment supervision, and personnel evaluations to Class Members.

10. On or about September 24, 2024, Plaintiff and the other approximately 294 employees who worked at or reported (either in-person or remote) to Headquarters as well as another approximately 50-60 employees who worked out of surrounding worksites at 513, 518, 524, 530, or 555 W. 57th St., New York, New York ("Surrounding Facilities") were notified by Defendants that their employment was terminated, effective on or about September 30, 2024. See **Ex. A, NYDOL WARN Notice.** Within 30 days of September 24, 2024, other of Defendants' employees who reported to Headquarters or Surrounding Facilities also had their employment terminated without NY WARN compliant notice.

11. Plaintiff brings Count I on behalf of himself and on behalf of all other similarly situated former employees, pursuant to NYLL § 860-g, who worked at, reported to, or received assignments from Defendants' Headquarters at 1515 Broadway, New York, New York or surrounding sites at 513, 518, 524, 530, or 555 W. 57th St., New York, New York, and were terminated without cause beginning on or about August 25, 2024 through October 24, 2024, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff, termination of operations, and/or transfer of operations ordered (the "Class"). The persons in Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

12. Defendants employed and/or employs more than 7,000 people in the State of New

York.  See **Ex. A, NYDOL WARN Notice.**

13. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class Member at the time of his/her termination is contained in the books and records of the Defendants.

14. Common questions of law and fact exist as to members of the Class, including, but not limited to, the following:

   a. whether the members of the Class were employees of Defendant(s) who worked at or reported to Defendants' Headquarters or Surrounding Facilities;

   b. whether Defendants are a single employer or integrated enterprise;

   c. whether Defendants unlawfully terminated the employment of the members of the Class without cause on their part and without giving them 90 days advance written notice in violation of NY WARN;

   d. whether Defendants can prove that any exemptions under NY WARN apply;

   e. whether Defendants unlawfully failed to pay the Class Members 60 days' wages and benefits as required by NY WARN.

15. Plaintiff's claims are typical of those of the Class Members.

16. Plaintiff, like other Class Members, worked at Defendants' Headquarters or Surrounding Facilities in Manhattan and was terminated without cause on or about September 24, 2024, effective on or about September 30, 2024, due to the mass layoff ordered by Defendants.

17. Plaintiff will fairly and adequately protect the interests of the Class Members as the representative. Plaintiff has retained counsel competent and experienced in complex class actions, including relevant employment litigation.

18. On or about September 24, 2024, Defendant terminated Plaintiff's employment as part of a mass layoff as defined by NYLL § 860-a(4), for which Class Members were entitled to receive 90 days advance written notice.

19. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

20. Class certification will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants.

21. A class action is further superior to other available methods for adjudication of this controversy in that joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

22. Without a class action, Defendants will retain the benefits of their wrongdoing, which will result in further damages to Plaintiff and Class Members. Plaintiff envisions no difficulty in the management of this action as a class action.

23. Plaintiff intends to send notice to all members of the Class to the extent required and permitted by Rule 23 of the Federal Rules of Civil Procedure.

## COUNT I

## VIOLATION OF THE NEW YORK WARN ACT

24. Plaintiff realleges and incorporates all prior paragraphs as if full set forth herein.

25. Under NY WARN, a "mass layoff" means a reduction in force which is not the result of a plant closing and which results in an employment loss at a single site of employment during any 30-day period for at least 250 or more full-time employees. NYLL § 860-a(4).

26. At all relevant times, Defendants were each an "employer," within the meaning of NY WARN.

27. Defendants are together a single employer and an integrated entity, in that they share the same or similar facilities (Headquarters and Surrounding Facilities), the same or similar employees, possessed common financial ownership and control, and common human resources and management personnel.

28. NY WARN states that if an employer provides any employee with less than 90 days advanced notification of a plant shutdown or mass layoff, the employer shall provide that employee with 60 calendar days of wages and benefits. NYLL § 860-g.

29. Defendants failed to provide Plaintiff and the Class Members with the 90-days written notice that is required by NY WARN for the mass layoff that occurred at Headquarters and Surrounding Facilities on September 24, 2024 and within 30 days thereof. NYLL § 860-b.

30. Plaintiff and Class Members have suffered damages by Defendants' failure to comply with NY WARN's requirements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;

B. Notice to the putative Class Members pursuant to Fed. R. Civ. P. 23;

C. Designation of the Plaintiff as Class Representative on behalf of the Class;

D. Appointment of the undersigned attorneys as Class Counsel for the Class; and

E. A judgment against Defendants in favor of the Plaintiff and Class Members in an amount equal to the sum of their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension, 401(k) and healthcare contributions and other benefits for a period of 60 calendar days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with NY WARN, NYLL § 860 *et seq.*

Dated: October 3, 2024

Respectfully Submitted,

/s/ James E. Goodley
James E. Goodley (NY Reg. No. 5724083)
Ryan P. McCarthy*
GOODLEY MCCARTHY LLC
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorneys for Plaintiff and the Class*

*\* Pro Hac Vice Application to be Filed*